White, J.
 

 If a man, under a belief that he has a good title to a tract of land, sells 'it, and either conveys, or stipulates to convey it, putting, at the same time, the vendee in possession, and the vendee, discovering a better title in some other person, purchases it with a view to prejudice the vendor, a court of equity will view the purchase as made for the benefit of the vendor through the agency of his vendee, and will relieve the vendor from the obligation of his covenant, by paying the money, with interest, which the vendee has actually advanced in purchasing up the preferable title. This Court ought not to sanction the doctrine that a purchaser is authorized to pry into and discover defects in his own title, with a view to purchase an outstanding claim in some other person, and thus
 
 *161
 
 consider himself evicted when he might have enjoyed the land under the first purchase were it not for his own conduct.
 

 In the case now before the Court the defendant has sustained no injury; he is in the peaceful occupation of the land he purchased. The complain-, ant had an entry upon which he might reasonably have supposed he could procure a grant before the time he had bound himself to convey. The difficulty of obtaining grants from North Carolina from about the year 1796 is well known ; and although the complainant could not convey the land at the time stipulated, yet this Court can relieve against time in all cases where the party has sustained no injury, or when the injury sustained can be fully and fairly compensated. In this case no injury was sustained; none would, as far as we can see, have been sustained, provided the defendant had remained quiet. The complainant could have obtained a good title under the last entry, if the defendant would have permitted him ; as he has prevented this he ought to be considered as the agent of the complainant, in procuring his grant for the land in question. But the complainant must pay him the sum he paid for the warrant, and likewise the fees he advanced to procure the grant, with interest upon the several sums from the time they were respectively advanced. Upon this being done, the judgment recovered at law must be perpetually enjoined, except as to the costs of that Court, which the complainant must pay, as well as the costs of this Court.